```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  HOT SPRINGS DIVISION
```

**SHERRY WESTON**                                              **PLAINTIFF**

        v.        Civil No. 08-6061

**UNITED PARCEL SERVICE, INC.**                                **DEFENDANT**

## O R D E R

    Now on this 23rd day of January, 2009, come on for consideration **Defendant United Parcel Service Inc.'s Motion For Protective Order** (document #12) and plaintiff's **Motion To Extend Discovery Deadline** (document #15), and from said motions, the response thereto, and a telephone conference held on January 14, 2009, the Court finds and orders as follows:

    1.   Plaintiff Sherry Weston alleges that defendant United Parcel Service ("UPS") violated the Arkansas Civil Rights Act and the Americans with Disabilities Act in connection with her employment.  One aspect of Weston's claims is that after she had received disability benefits for a period of time, UPS' insurer, Aetna, determined that she was no longer disabled and terminated benefits, but UPS contended that she could not come back to work because she was disabled.

    In connection with this aspect of her claim, Weston sent UPS a Notice Of Deposition Pursuant To Rule 30(b)(6), in which she requested UPS to designate a representative to testify about the relationship between UPS and Aetna; UPS' role in the disability process (both in general and specifically with regard to Weston);

and all communications between UPS and Aetna regarding Weston's disability process. Weston also issued a subpoena duces tecum commanding UPS to produce "all documents deponent intends to refer to during the deposition."

2. UPS moved for a protective order, contending that the notice and subpoena seek information that is not reasonably calculated to lead to the discovery of admissible evidence, and that a subpoena duces tecum can only be issued to nonparties.

3. The Court heard the arguments of the parties in a telephone conference on January 14, 2009, and took the matter under advisement, directing the parties to conclude the deposition of June Reed -- a witness who had at least the potential to satisfy Weston's inquiries -- before it took up the Motion For Protective Order. Reed's deposition has apparently now been taken, and has apparently not been sufficient. Weston now asks the Court to extend the discovery deadline until January 1, 2009, to allow deposition of the 30(b)(6) witness, and represents that UPS continues to object to the taking of that deposition.

4. The scope of discovery is established by **F.R.C.P. 26(b)(1)**, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead

-2-

to the discovery of admissible evidence.

**Rule 26(b)** sets very broad parameters as to what is discoverable and the Court believes -- given the allegations of the Amended Complaint -- that the 30(b)(6) deposition in question falls within them. The Court understands plaintiff's difficulty in trying to reconcile the allegation that UPS' own disability insurer found Weston able to work -- with the fact that UPS, itself, considered her to be disabled. The Court, therefore, believes that an inquiry about the matter –- directed to the person or persons at UPS who would know why UPS took that position (presumably a 30(b)(6) witness) –- would be both relevant and permissible under Rule 26(b). Accordingly, the objection of UPS on this ground is overruled.

5. UPS also asserts the following grounds in opposition to the discovery request:

\*   Counsel for UPS says that UPS is not involved in its employee's relationships with Aetna. While that may well turn out to be the fact, Weston is not required to accept the statement made by counsel in lieu of discovery. She has the right to get her information from witnesses who can and will testify by way of deposition or during trial.

\*   Counsel for UPS says that UPS has produced all communications between itself and Aetna about Weston. Again, while this may prove to be true, Weston is not required to accept

the statement of counsel in lieu of discovery.  She has the right to question witnesses about those communications.

\*     Counsel for UPS says Weston has deposed, or will depose, all UPS employees involved.  While that may be true, **Rule 30(b)(6)** nonetheless allows a party to describe the matters upon which it desires to examine a corporate witness, and requires the corporation to designate one or more witnesses to "testify about information known or reasonably available to the organization" on those topics.

The Court finds none of these additional reasons -- given by UPS in support of its opposition -- to be persuasive and, therefore, rejects them.

6.   The Court now turns to the contention that a subpoena duces tecum cannot be used to compel the production of documents in the possession of a party witness.

Certainly, documents are most readily and conveniently obtained from parties by document requests pursuant to **F.R.C.P. 34**, and the Court would look askance at a party who attempted to conduct document discovery entirely by subpoena duces tecum.  However, that said, the Court is not persuaded that **Rule 45** is unavailable under any circumstances as against a party.  UPS cites several cases so holding, but none are of precedential value, and the Court will be guided by the actual language of the rule.

In the Court's view, the rule clearly contemplates that both

parties and non-parties (therein referred to as "persons") come within its ambit. See **Rule 34(c)(20(B)(ii)** dealing with protections a court may order to protect "a person who is neither a party nor a party's officer from significant expense" in complying with a subpoena duces tecum. Similar language is found in **34(c)(3)(A)(ii)** and **34(c)(3)(B)(iii)**. **Rule 34(e)** provides that a court may hold in contempt "a person" who fails to obey a subpoena without adequate excuse, but states that a "nonparty's failure to obey must be excused" under specified circumstances. These distinctions would not be necessary if only non-parties were subject to such subpoenas. Thus, the Court finds itself in agreement with **Lopez v. Metropolitan Government of Nashville and Davidson County, 2009 WL 112949 (M.D. Tenn. 2009),** that "nothing in Rule 45 appears to expressly prohibit serving a subpoena duces tecum on a party."

7. For the foregoing reasons, the Court finds that the **Motion For Protective Order** should be denied. That being the case, it further finds that the **Motion To Extend Discovery Deadline** should be granted, and the discovery deadline extended to January 31, 2009, for the singular purpose of allowing Weston time to depose the 30(b)(6) witness or witnesses designated by UPS in response to Weston's Notice Of Deposition Pursuant To Rule 30(b)(6).

**IT IS THEREFORE ORDERED** that **Defendant United Parcel Service**

**Inc.'s Motion For Protective Order** (document #12) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's **Motion To Extend Discovery Deadline** (document #15) is **granted**, and the discovery deadline in this matter is extended until January 31, 2009, for the singular purpose of allowing Weston time to depose the 30(b)(6) witness or witnesses designated by UPS in response to her Notice Of Deposition Pursuant To Rule 30(b)(6).

**IT IS SO ORDERED.**

                                       /s/ Jimm Larry Hendren
                                       **JIMM LARRY HENDREN**
                                       **UNITED STATES DISTRICT JUDGE**